Alan J. Kessel (Cal. Bar No.: 130707)
Suzanne M. Burke (Cal. Bar No.: 188597)
Kimberly R. Colombo (Cal. Bar No.: 210451)
**BUCHALTER, NEMER, FIELDS & YOUNGER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
E-Mail: btran@buchalter.com

Attorneys for Plaintiff DIRECTV, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DIRECTV, INC., a California corporation, | CASE NO. CV-04-3568 VRW |
| Plaintiff, | Hon. Vaughn R. Walker |
| vs. | **[PROPOSED]** DEFAULT JUDGMENT AGAINST DEFENDANT CARLOS ARGUETA |
| CARLOS ARGUETA, | |
| Defendant. | Date: July 14, 2005<br>Time: 2:00 p.m.<br>Courtroom: 6, 17th Floor |

IT APPEARING from the records in the above-entitled action that the default of Defendant CARLOS ARGUETA ("Defendant") was entered on February 7, 2005 for failure to respond or to otherwise defend the Complaint for damages;

IT FURTHER APPEARING from the Motion for Default Judgment Against Defendant filed herein that Plaintiff DIRECTV, Inc. ("DIRECTV")'s claim for damages is for a sum that can, by computation, be made certain;

IT FURTHER APPEARING that there is no just reason for delay in entering final judgment in this matter as to Defendant and that final judgment shall be entered against said Defendant;

1  IT FURTHER APPEARING from the Declaration of counsel for DIRECTV dated May 6, 2005, that Defendant is not an infant or incompetent person;

IT FURTHER APPEARING from the Declaration of counsel for DIRECTV dated May 6, 2005, that Defendant is not in military service or otherwise exempted under the Servicemembers' Civil Relief Act;

IT FURTHER APPEARING that DIRECTV alleges, and Defendant has admitted through his default, that Defendant violated the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.* and the Federal Communications Act of 1934, 47 U.S.C. § 151, *et seq.*;

IT FURTHER APPEARING that, although 18 U.S.C. § 2520 provides for statutory damages for violation of the Electronic Communications Privacy Act of whichever is the greater of $100 per day of violation or $10,000, and although DIRECTV has submitted that Defendant violated the statute on 1,103 days (the date of his purchase of the illegal devices through April 30, 2004, the date after which it appears the subject devices could not have been effective to modify DIRECTV Access Cards), DIRECTV only requested in its Complaint statutory damages of $10,000 per illegal device purchased and used by Defendant;

IT FURTHER APPEARING that, pursuant to 47 U.S.C. § 605(e)(3), DIRECTV is entitled to damages for violation of 47 U.S.C. § 605(e)(4) in the amount, at DIRECTV's option, of either DIRECTV's actual damages or statutory damages in the sum of not less than $10,000, or more than $100,000, for each violation, in addition to costs and reasonable attorneys' fees. For purposes of assessing damages under § 605(e)(4), the prohibited activity "as it applies to each such device shall be deemed a separate violation." 47 U.S.C. § 605(e)(4). DIRECTV has opted in its Prayer for Relief in the Complaint to pursue statutory damages of $10,000 per illegal device purchased and used in violation of 47 U.S.C. § 605(e)(4) of the Federal Communications Act of 1934;

IT FURTHER APPEARING that DIRECTV, as the prevailing party in this action, is entitled to reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 2520(b)(3) and 47 U.S.C. § 605(e)(3)(B)(iii) incurred in prosecuting this action against Defendant and DIRECTV has submitted evidence of the amount of those fees incurred;

    NOW THEREFORE, upon the request of counsel for DIRECTV, Judgment shall be entered as follows:

1. Pursuant to 18 U.S.C. § 2520 and 47 U.S.C. § 605(e)(3), as against Defendant CARLOS ARGUETA, and in favor of Plaintiff DIRECTV, Inc., the sum of $20,000 (two (2) devices purchased and used by Defendant x $10,000), plus post-judgment interest thereon at the legal rate pursuant to 28 U.S.C. § 1961 from the date of entry of this Judgment;

2. An award of attorneys' fees in the amount of $3,075.50; and

3. Costs pursuant to Fed. R. Civ. P. 54, subject to the filing of a Bill of Costs in compliance with the Local Rules of this Court.

Dated: _____

Honorable _____
United States _____
Northern District of California

*[GRANTED — Judge Vaughn R Walker — United States District Court, Northern District of California]*